UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY O. WILSON,

    Plaintiff,                              Case No. 21-10395
                                         Honorable Victoria A. Roberts

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

## ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 10]; (2) DEEMING MOOT PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PARTICIPATE IN RULE 26(f) CONFERENCE [ECF No. 11]; (3) TAXING COSTS AND FEES AGAINST PLAINTIFF; and (4) DISMISSING THE CASE WITH PREJUDICE

Plaintiff Anthony O. Wilson brings this frivolous action against Capital One Bank (USA), N.A. He claims that after mailing him a pre-approved offer for a credit card, Capital One rejected his application because of his race, disability, and "income derivation." In addition to claims for breach of contract and fraud/misrepresentation, Plaintiff alleges Capital One violated the Equal Credit Opportunity Act, the Fair Credit Reporting Act, the Michigan Elliot-Larsen Civil rights Act, and the Michigan Consumer Protection Act.

Capital One moves to dismiss the complaint for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6). In its motion, Capital One explains that Plaintiff has filed two practically identical lawsuits against financial institutions in the very recent past and that this Court dismissed each of those complaints for failure to state a claim – noting, among other things, that Plaintiff's complaint was "bare bones" and that his claims were based on a misinterpretation of the law. *See Wilson v. First Premier Bank*, No. 19-11704, 2020 WL 2393199 (E.D. Mich. Feb. 29, 2020); *Wilson v. Atlanticus Servs. Corp.*, No. 19-11672, 2020 WL 2393198 (E.D. Mich. Jan. 10, 2020).

After reviewing the motion to dismiss, the complaint, and Plaintiff's prior cases, the Court entered an order noting that Plaintiff's case "is identical in all material respects to his two previously dismissed lawsuits" and "appears to fail as a matter of law: Plaintiff misinterprets the law and his complaint contains nothing more than 'a formulaic recitation of the elements of [the] cause[s] of action.' *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." [ECF No. 14, PageID.127]. Upon finding that the "complaint [was] frivolous and fail[ed] to state a claim upon which relief may be granted," the Court "advise[d] Plaintiff to reconsider concurring in the relief Capital One seeks" and warned him that "[u]nless [he] show[ed] an extraordinary reason for going forward with briefing Capital One's motion to

2

dismiss, the Court [would] likely . . . tax costs and fees against [him] for unreasonably withholding consent under Local Rule 7.1." [*Id.* at PageID.129]. The Court also warned Plaintiff that if he went forward with his suit, it would "seriously consider[] sanctioning [him] for filing a meritless pleading, which has twice been dismissed by this Court[,]" and would "consider reporting [his] misconduct to the State Bar of Texas[, where he is] a member." [*Id.*] The Court informed Plaintiff that it would forego these considerations if he dismissed his complaint with prejudice.

Plaintiff chose to file a response [ECF No. 15] to Capital One's motion to dismiss. Plaintiff's response is entirely conclusory. For each cause of action, Plaintiff summarily states that he "stated a claim for [that count]" and then he cites to the page of his complaint which contains that cause of action. Plaintiff fails to address the shortcomings of his pleading raised by Capital One and he does not address the Court's order – referenced above – or attempt to differentiate this action from his two previous identical actions which this Court dismissed for failing to state a claim as a matter of law.

Like his two nearly identical previous suits against financial institutions which other judges of this Court dismissed, Plaintiff fails to state a claim upon which relief can be granted, and his complaint fails as a

matter of law. *See Wilson v. First Premier Bank*, No. 19-11704, 2020 WL 2393199 (E.D. Mich. Feb. 29, 2020); *Wilson v. Atlanticus Servs. Corp.*, No. 19-11672, 2020 WL 2393198 (E.D. Mich. Jan. 10, 2020). The Court adopts the reasoning and conclusions from each of those decisions by reference here.

The Court **GRANTS** Capital One's motion to dismiss and **DISMISSES** this case with prejudice.

The Court also **TAXES** costs (no cap) and attorney fees (up to $2,000) against Plaintiff for unreasonably withholding consent under Local Rule 7.1. Like his lawsuit, Plaintiff's response is frivolous. The Court warned Plaintiff that it would likely tax costs and fees against him unless he showed an extraordinary reason for briefing Capital One's motion. Plaintiff failed to do so. In fact, Plaintiff did not even attempt to demonstrate how this lawsuit differs from his two previously dismissed cases or show why this suit has merit but those did not.

By **May 7, 2021**, Capital One must file a bill of costs and attorney fees setting forth an itemized accounting of the costs and fees it seeks to recover. The attorney fees are limited to those Capital One incurred in bringing its motion to dismiss and may not exceed $2,000. To the extent Local Rule 7.1 only allows taxing of costs, the limited attorney fees

constitute a sanction against Plaintiff for bringing this frivolous lawsuit in bad faith, causing an undue waste of judicial resources, and forcing Capital One to unnecessarily expend considerable financial resources. *See Wilson v. Acad. Fin. Sols.*, No. 05-40361, 2007 WL 295025, at *4 (E.D. Mich. Jan. 29, 2007).

Unless he has an objection regarding a specific cost or attorney fee Capital One seeks to recover, Plaintiff must pay to Capital One's counsel the amount of costs and fees set forth in Capital One's bill of costs and attorney fees by **June 11, 2021**.

Any objection to Capital One's bill of costs and attorney fees is due **May 20, 2021**.

Plaintiff's motion to compel Capital One to participate in Rule 26(f) conference [ECF No. 11] is **MOOT**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 29, 2021